UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSE RUSSELL SIMPSON,

    *Plaintiff*,

v.

FEDERAL BUREAU OF PRISONS, et al.,

    *Defendants*.

Civil Action No. 1:19-cv-03173 (CJN)

### MEMORANDUM OPINION

Jesse Russell Simpson seeks equitable relief and damages for Defendants' alleged violations of his religious civil rights occurring while he has been incarcerated at several federal prison facilities. *See generally* Compl., ECF No. 1. Simpson alleges that he practices Orthodox Therian Shamanism—a religion that requires him to "wear an imitation [w]olf tail" at all times and "meditate regularly around imagery of [w]olves," *id.* at 4—and that Defendants violated his right to freely practice the religion, *id.* at 2–3. Simpson asserts various claims against the Bureau of Prisons and twenty-two individual defendants, in both their official and individual capacities, for the alleged violations.

For the reasons that follow, the Court will dismiss certain of the official-capacity claims, transfer others to the Western District of Pennsylvania, and retain certain of the individual-capacity claims.

**I.**    **Background**

Simpson is a prisoner currently incarcerated at Federal Correctional Institution ("FCI") Loretto in Pennsylvania. *See id.* at 9–10. Prior to being transferred to FCI Loretto, Simpson was

1

housed at FCI Danbury in Connecticut, transferred to FCI Morgantown in West Virginia, and temporarily held at Federal Transfer Center ("FTC") Oklahoma City in Oklahoma and U.S. Penitentiary ("USP") Canaan in Pennsylvania. *See id.* at 4–10.

On October 21, 2019, Simpson filed this lawsuit alleging past and ongoing violations of his religious civil rights under the First Amendment and the Equal Protection Clause of the Constitution, the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4 (2018), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), *id.* §§ 2000cc to 2000cc5, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See generally* Compl. Simpson claims to practice Orthodox Therian Shamanism, a religion "with similar beliefs to many Native American and Animism religions." *Id.* at 4. He asserts that, to comply with the tenets of this religion, he must "wear an imitation [w]olf tail" at all times and "meditate regularly around imagery of [w]olves." *Id.* According to Simpson, failing to practice his religion in this way subjects him to "punishment of eternal damnation." *Id.*

Simpson sues twenty-three federal Defendants, including the Bureau of Prisons and various federal employees in both their individual and official capacities[1] for preventing him from practicing Orthodox Therian Shamanism while incarcerated. *See id.* The same day he filed his Complaint, Simpson moved for either a temporary restraining order (TRO) or a preliminary

---

[1] Simpson sues the following federal employees in both their official and individual capacities: (1) Warden V. Moser; (2) Chaplain Lesh; (3) Chaplain Stadtler; (4) Captain Waughen; (5) Warden of Oklahoma City FTC; (6) Chaplain(s) of Oklahoma City FTC; (7) Warden C. Gomez; (8) Captain Fullen; (9) Unit Manager Tejera; (10) Counselor B. Plavi; (11) Case Manager Barkaszi; (12) Case Manager E. Dodrill; (13) Officer Dulla; (14) Officer Rudy; (15) Regional Director D.J. Harmon; (16) Chaplain Brian Price; (17) Warden of Canaan USP; (18) Chaplain of Canaan USP; (19) Associate Warden M. Wolever; (20) Facilities Supervisor Gialon; (21) Ian Connors; and (22) the Federal Bureau of Prisons General Counsel.

injunction permitting him "to purchase, make, or otherwise obtain an imitation [w]olf tail," permitting him "to possess books, imagery, and other literature featuring [w]olves," and preventing Defendants from harassing, intimidating, retaliating, or otherwise targeting him as a result of this lawsuit. Mot. for TRO & Prelim. Inj. at 1, ECF No. 2.

Shortly after Simpson moved for the preliminary equitable relief, the U.S. Attorney's Office of the District of Columbia appeared on behalf of the Bureau of Prisons ("BOP") and the federal employees with respect to the official-capacity claims asserted against them (the "Official-Capacity Claims"). Notice of Appearance, ECF No. 3. Service has not yet been effected with respect to the individual-capacity claims against the individual defendants (the "Individual-Capacity Claims"). *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (adopting the rule that "defendants in *Bivens* actions must be served as individuals, pursuant to Rule 4(e)").[2] In other words, the claims against BOP and the Official-Capacity Claims are the only claims properly before the Court at this time.

On November 19, 2019, Defendants filed their opposition to Simpson's request for preliminary equitable relief in which they move to dismiss, or alternatively, for summary judgment on Simpson's claims. Mem. in Supp. of Opp'n to Mot. for TRO & Defs.' Mot. to Dismiss, or Alt., for Summ. J., or Alt. to Transfer ("Defs.' Opp'n & Mot."), ECF No. 7-1. Simpson's and the Defendants' Motions are now ripe. *See* Mot. for TRO & Prelim. Inj.; Defs.'

---

[2] For the reasons stated in *Simpkins*, the Court applies Rule 4(e) to all of Simpson's Individual-Capacity Claims. *See* 108 F.3d at 369 (requiring defendants in *Bivens* actions to be served as individuals because *Bivens* claims against federal officials in their individual capacities "cannot be viewed as actions against the government" as they impose personal liability on the federal official and because *Bivens* defendants, under Department of Justice procedures, "have to shoulder the burden of requesting, in writing, that the government provide representation or, in case of a conflict of interest, pay for private counsel").

Opp'n & Mot.; Mem. in Supp. of Pl.'s Mot & Reply to Def.'s Resp. ("Pl.'s Reply"), ECF No. 13-2; Reply in Supp. of Mot. to Diss, or, Alt., for Summ. J., or Alt., to Transfer, ECF No. 15.

## II. Analysis

Simpson seeks both damages and equitable relief under the Constitution, RLUIPA, RFRA, and *Bivens*. Mot. for TRO & Prelim. Inj. at 1–4 (seeking a TRO and a preliminary injunction); Compl. at 97–98 (seeking compensatory damages, punitive damages, declaratory judgment, and a permanent injunction). Defendants move to dismiss the claims that are presently before the Court, either under Federal Rule of Civil Procedure 12(b)(1) because the claims are moot or Defendants have immunity from suit, under Rule 12(b)(6) because Simpson fails to state a claim, or under Rule 12(b)(3) because venue is improper. *See generally* Defs.' Opp'n & Mot.

### A. RLUIPA Claims

Simpson cannot maintain RLUIPA claims against any of the Defendants. RLUIPA "does not create a cause of action against the federal government or its correctional facilities." *Jackson v. Fed. Bureau of Prisons*, No. 06-592, 2006 WL 2434938, at *3 (D.D.C. Aug. 22, 2006) (first citing *Ish Yerushalayim v. U.S. Dep't of Corr.*, 374 F.3d 89, 92 (2d Cir. 2004)); then citing *Sample v. Lappin*, 424 F. Supp. 2d. 187, 192 n.3 (D.D.C. 2006); other citations omitted). Simpson's RLUIPA claims—including the Individual-Capacity and Official-Capacity RLUIPA Claims— are therefore dismissed against all Defendants for failure to state a claim.

### B. Simpson's Damages Claims

#### 1. Simpson's RFRA Damages Claims

Simpson seeks damages under RFRA. But "RFRA does not waive the federal government's sovereign immunity for damages." *Webman v. Fed. Bureau of Prisons*, 441 F.3d

1022, 1026 (D.C. Cir. 2006). The BOP and federal employees in their official capacities are therefore immune from Simpson's damages claims under RFRA.[3]

### 2. Simpson's Constitutional Damages Claims

Simpson also seeks damages for alleged violations of his constitutional rights under the First Amendment and Equal Protection Clause. Compl. at 18–27. Again, however, "[s]overeign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government." *Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) (citations omitted). Simpson does not point to a specific waiver for damages for his alleged constitutional injuries, *see* Pl.'s Reply at 12, and the Court is not aware of one. As a result, the BOP and federal employees in their official capacities are immune from Simpson's constitutional damages claims.[4]

In sum, none of Simpson's claims for damages presently before the Court—those against the BOP and the Official-Capacity Claims—survive.

---

[3] The Court notes that Simpson's Individual-Capacity Claims under RFRA present a more complex question. The D.C. Circuit has not addressed whether RFRA permits damages actions against federal officers sued in their individual capacities. At least two Circuit Courts of Appeals have held that such suits are permitted. *Tanvir v. Tanzin*, 894 F.3d 449, 462 (2d Cir. 2018) ("[W]e hold that RFRA . . . authorizes a plaintiff to bring individual capacity claims against federal officials or other 'person[s] acting under color of [federal] law.'"); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 304 (3d Cir. 2016) ("[W]e conclude that federal officers who violate RFRA may be sued in their individual capacity for damages."). Recently, the Supreme Court granted certiorari on this question. *Tanzin v. Tanvir*, No. 19-71, 2019 WL 6222538, at *1 (U.S. Nov. 22, 2019). These Individual-Capacity RFRA Claims, however, are not properly before the Court until Simpson serves Defendants in their individual capacities.

[4] Simpson's Individual-Capacity Claims seeking damages for constitutional violations under *Bivens* are not properly before the Court until Simpson effects service on the individual Defendants.

5

## C. Simpson's Equitable Relief Claims

Simpson also seeks preliminary and permanent equitable relief from alleged violations of RFRA, the Establishment Clause, the Free Exercise Clause, and the Equal Protection Clause. Mot. for TRO & Prelim. Inj. at 1–4; Compl. at 97–98. Because such relief would run against the BOP and the individual Defendants in the performance of their official duties, the Court construes Simpson's request for equitable relief as presenting claims only against the individual defendants in their official capacities (in addition to BOP). *See BEG Invs., LLC v. Alberti*, 34 F. Supp. 3d 68, 80 (D.D.C. 2014) ("Courts have concluded that there is no basis for suing a government official for declaratory and injunctive relief in his or her individual or personal capacity." (citations and internal quotation marks omitted)); *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) ("[O]nly by acting as a government official (not as an individual acting personally), can a public official's compliance with a court decree remedy the governmental action, policy[,] or practice that is being challenged."); *see also Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) ("The policy [the plaintiff] challenges, however, is that of the Forest Service and is carried out by the defendants in their capacities as supervisory Forest Service employees, i.e., in their official capacities. Moreover, the equitable relief Feit requests—a declaration that the policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals." (citation omitted)).

Here, Simpson seeks equitable relief for alleged violations of his religious rights by the BOP generally and by certain officials at five BOP facilities and offices relating to the specific conditions of his confinement. *See, e.g.*, Mot. for TRO & Prelim. Inj. at 1–4; Compl. at 1–3, 97–98. But "[n]ormally, a prisoner's transfer or release from a prison moots any claim he might

6

have for equitable relief arising out of the conditions of his confinement in that prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998) (footnote omitted). Simpson was recently transferred to FCI Loretto, and thus BOP and those Defendants working at FCI Loretto and BOP Headquarters are now responsible for the conditions of his confinement. *See* Compl. at 9–10. Simpson's Official-Capacity Claims for equitable relief against the individual Defendants working at FTC Oklahoma, FCI Morgantown (and the related BOP Mid-Atlantic Regional Office), and USP Canaan are therefore moot. *See Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) ("Under the mootness doctrine, we cannot decide a case if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc))).[5] Simpson's claims against the BOP (which sets BOP general policy) and Official-Capacity Claims against individual Defendants working at FCI Loretto (where he is currently confined) and at BOP Headquarters (who set BOP general policy) survive.[6]

### D.    Improper Venue

Defendants also argue that venue in the District of Columbia is improper. They ask the Court either to dismiss the claims on this ground under Federal Rule 12(b)(3) or, in the alternative, to transfer the claims under 28 U.S.C. § 1404(a) to the Western District of

---

[5] Simpson does not argue that the voluntary cessation or capable of repetition, yet evading review exceptions to mootness apply here. *See Reid*, 920 F.3d at 832–34 (capable of repetition, yet evading review); *Aref v. Lynch*, 833 F.3d 242, 250–51 (D.C. Cir. 2016) (voluntary cessation).

[6] These Defendants are: (1) the BOP; (2) Warden V. Moser; (3) Chaplain Lesh; (4) Chaplain Stadler; (5) Captain Waughen; (6) Ian Connors; and (7) BOP General Counsel.

Pennsylvania, the location of Simpson's current place of incarceration, FCI Loretto. *See* Defs.' Opp'n & Mot. at 19–20.

Because only claims against the BOP and the Official-Capacity Claims are currently before the Court, the applicable venue statute is 28 U.S.C. § 1391(e). *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (emphasizing that § 1391(e) applies to prison officials sued in their official capacities). That provision provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e)(1). Venue is proper in this district because three Defendants against whom Official-Capacity Claims are asserted reside here. *See* § 1391(e)(1)(A).

But that does not mean this is the appropriate forum for this dispute. Because a plaintiff can manufacture venue in this District by naming high government officials and entities as defendants, "[c]ourts in this circuit must examine challenges to . . . venue carefully." *Cameron*, 983 F.2d at 256. The Court may therefore transfer suits involving federal prisoners under 28 U.S.C. § 1404(a) after considering where the prisoner is incarcerated, the location of relevant records and witnesses, and other related convenience factors. *See, e.g.*, *Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283, 293 (D.D.C. 2014); *Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008) ("There is no question that this case 'might have been brought' in the Eastern District of Texas (where the alleged injury . . . occurred) or in the Western District of Texas (where plaintiff is now incarcerated and where, according to plaintiff, the conspiracy to deprive him of medical treatment continued following his transfer to the La Tuna Facility." (citation omitted)).

Here, all of Simpson's presently remaining claims seek equitable relief regarding his current conditions at FCI Loretto—the facility where he is currently incarcerated, where records and witnesses involving his current treatment are located, and where the acts and omissions he seeks to enjoin are allegedly occurring. *See generally* Compl. As a result, his surviving claims are more appropriately litigated in the Western District of Pennsylvania, the district in which FCI Loretto is located. *See, e.g.*, *Pinson*, 74 F. Supp. 3d at 293–94 (transferring an incarcerated plaintiff's claims for equitable relief from the District of Columbia to the District of Colorado under § 1404(a) because the plaintiff was incarcerated in Colorado and a large portion of the records and witnesses were located there).

### III.    Conclusion

For the foregoing reasons, Simpson's RLUIPA claims against all Defendants are **DISMISSED**, his claims for damages against the BOP and Official-Capacity claims for damages against the individual Defendants under RFRA and the Constitution are **DISMISSED**, and his claims for equitable relief against the individual Defendants working at FTC Oklahoma, FCI Morgantown (and the BOP Mid-Atlantic Regional Office), and USP Canaan are **DISMISSED**. Simpson's claims for equitable relief against the BOP and individual Defendants at FCI Loretto and BOP Headquarters are **TRANSFERRED** to the Western District of Pennsylvania. Finally, Simpson's Individual-Capacity *Bivens* and RFRA claims remain before this Court. An order will be entered contemporaneously with this Memorandum Opinion.

DATE: January 8, 2020

CARL J. NICHOLS
United States District Judge